

FILED
7/7/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

TL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **1:21-cr-00419** |
| | ) | **Judge John F. Kness** |
| v. | ) | **Magistrate Judge Jeffrey Cummings** |
| | ) | Violation: Title 18, United States |
| | ) | Code, Section 1347 |
| CLARENCE W. BROWN III | ) | **Under Seal** |

### COUNTS ONE THROUGH NINE

The SPECIAL APRIL 2021 GRAND JURY charges:

1. At times material to this Indictment:

    a. Defendant CLARENCE W. BROWN III was a licensed chiropractic physician in Illinois.

    b. Defendant BROWN owned and operated Dr. CB3 Wellness, Inc. ("CB3"), located in Chicago, Illinois, where he purported to provide chiropractic and therapeutic services to patients.

    c. Defendant BROWN owned and operated Apex Integrated Medical Center, Ltd. ("Apex"), located in Chicago, Illinois, where he purported to provide chiropractic, physical therapy, and rehabilitation services to patients, including services by Physician A and Nurse Practitioner A.

    d. Blue Cross Blue Shield of Illinois ("BCBS") was a health care benefit program, as defined in Title 18, United States Code, Section 24(b), that provided health insurance to groups of individuals through their employer-sponsored health insurance plans. BCBS reimbursed health care providers when, among other criteria, those services were actually provided.

e. To receive reimbursement for a covered service from BCBS, a health care provider had to submit a claim form containing, among other things: the dates of service; the patient's name, diagnosis, insurance number, and date of birth; the health care services provided; the assigned provider number; and the charge for each service provided.

f. BCBS paid for covered services for which a representation had been made that the services were provided to patients.

2. Beginning no later than August 2016, and continuing through in or around January 2020, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CLARENCE W. BROWN III,

defendant herein, participated in a scheme to defraud a health care benefit program, namely BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, a health care benefit program, in connection with the delivery of and payment for health care benefits and services, which scheme is further described in the following paragraphs.

3. It was part of the scheme that defendant BROWN submitted, and caused to be submitted, to BCBS fraudulent claims that falsely represented that certain health care services were provided to patients, when BROWN knew that those services were not actually provided.

4. It was further part of the scheme that defendant BROWN submitted to BCBS fraudulent claims for services that he purportedly provided to patients in Illinois on dates when he was outside of Illinois.

5. It was further part of the scheme that defendant BROWN, through Apex, submitted to BCBS fraudulent claims on behalf of himself and Apex staff, for services purportedly provided at Apex which, as BROWN knew, were never rendered.

6. It was further part of the scheme that defendant BROWN prepared, and caused to be prepared, false and fraudulent patient medical records which purported to show that services had been provided to Apex patients by Physician A, and that Physician A had prepared and reviewed those patient medical records.

7. It was further part of the scheme that defendant BROWN typically deposited, and caused to be deposited, the money he received from BCBS for claims for services that were not actually provided into bank accounts controlled by him.

8. It was further part of the scheme that defendant BROWN concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

9. On or about the dates set forth below, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CLARENCE W. BROWN III,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to BCBS claims for health care services that were not actually provided:

| COUNT | DATE OF CLAIMED SERVICE | DATE CLAIM RECEIVED BY BCBS | PATIENT |
|---|---|---|---|
| One | 12/31/2018 | 6/28/2019 | N.W.G. |
| Two | 12/31/2018 | 6/28/2019 | B.W.G. |
| Three | 6/8/2019 | 6/10/2019 | G.G. |
| Four | 6/8/2019 | 6/10/2019 | I.W.G. |
| Five | 10/3/2019 | 10/22/2019 | W.B. |
| Six | 10/3/2019 | 11/1/2019 | Mi. B. |
| Seven | 10/3/2019 | 11/1/2019 | Ma. B. |
| Eight | 11/6/2019 | 12/13/2019 | G.G. |
| Nine | 12/24/2019 | 12/26/2019 | BROWN |

In violation of Title 18, United States Code, Section 1347.

## **FORFEITURE ALLEGATION**

The SPECIAL APRIL 2021 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1347, as set forth in this Indictment, defendant shall forfeit to the United States of America any property that constitutes and is derived, directly and indirectly, from the gross proceeds traceable to the commission of the offense, as provided in Title 18, United States Code, Section 982(a)(7).

2. If any of the property described above, as a result of any act or omission by defendant: cannot be located upon exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY